# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANA J. ZACHARIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 07-2040-KHV |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Diana J. Zacharias appeals the final decision of the Commissioner of Social Security to deny disability insurance benefits and supplemental security income. This matter comes before the Court on Defendant's Motion To Reverse And Remand And For Entry Of Final Judgment (Doc. #17) filed September 12, 2007.

Defendant asserts that after reviewing the administrative law judge ("ALJ") decision and Tenth Circuit case law, he has determined that remand is necessary for further consideration of plaintiff's claim. Specifically, defendant states that he wants to further develop the case as follows:

> the ALJ will be directed to reconsider all of Plaintiff's impairments, including her mental impairments of depression and borderline intelligence. He will use the psychiatric review technique required by 20 C.F.R. § 404.1520a(e)(2). The ALJ will be directed to reconsider all medical source opinions and explain how each was weighed and what weight was given to each one. If a treating source opinion is not given controlling weight, the ALJ will explain what lesser weight was given to the opinion, in accordance with 20 C.F.R. § 404.1527, Social Security Ruling (SSR) 96-2p, and SSR 96-5p. The ALJ will be directed to reevaluate Plaintiff's credibility and to evaluate the credibility of third parties (Tr. 194-98, 200-04, 247-55). The ALJ will reevaluate Plaintiff's residual functional capacity (RFC) and link limitations to the evidence of record. The ALJ will obtain supplemental vocational expert testimony that includes hypothetical questions consistent with the limitations in the RFC.

Defendant's Memorandum In Support Of Defendant's Motion To Reverse And Remand And For


Entry Of Final Judgment (Doc. #18) filed September 12, 2007 at 2.  Defendant asks the Court to enter judgment reversing and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). See id. at 3.

Plaintiff does not object to reversal and remand of the case, but asks the Court to require that defendant reassign the matter to a different ALJ.  See Plaintiff's Response To Defendant's Motion To Reverse And Remand And For An Entry Of Final Judgment (Doc. #19) filed September 23, 2007.  Plaintiff states that the current ALJ has held two hearings on the matter and committed reversible error both times.  See Plaintiff's Response at 1.  Plaintiff contends that to ensure a full and fair hearing, the matter should be remanded to a different ALJ.  See id. at 1.  While the Court is sympathetic to plaintiff's concerns, it will not interfere with the ALJ assignment.  See, e.g., Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir. 1996) (absent evidence of bias, court without power to order ALJ reassignment).  The Court expects that defendant will assign the matter to a competent and qualified ALJ, and that defendant will appropriately expedite the matter in light of its lengthy history.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be and hereby is **REVERSED**.  This case is **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.  The Clerk is directed to enter judgment accordingly.

Dated this 13th day of November, 2007, at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge